UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 19-50017

ROMAN KOCHEROVSKY, and	Chapter 7
JESSICA L. KOCHEROVSKY,
	Judge Thomas J. Tucker
            Debtors.
_____/

**ORDER DENYING USAA FEDERAL SAVINGS BANK'S MOTION TO ENLARGE TIME TO FILE REAFFIRMATION AGREEMENT**

This case is before the Court on the motion by USAA Federal Savings Bank (the "Bank") entitled "Motion to Enlarge Time to File Reaffirmation Agreement" (Docket # 29, the "Motion"). On November 27, 2019 the Bank filed a certification of non-response indicating that no one had objected to the Motion. The Court will deny the Motion for the following reasons.

On July 9, 2019, the Debtors filed a voluntary petition for relief under Chapter 7, commencing this case. On October 16, 2019, the Court entered an order granting the Debtors a discharge under 11 U.S.C. § 727 (Docket # 26). On November 8, 2019, 23 days after the Debtors were granted a discharge, the Bank filed the Motion.

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." *See also In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. A reaffirmation agreement must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich. 2018); *In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). The Motion does not state anything to suggest that the Bank signed the reaffirmation agreement in question before the discharge order was entered on October 16, 2019, and the reaffirmation agreement attached to the Motion is not signed by the Bank. Because the Motion fails to demonstrate that a reaffirmation agreement was made (*i.e.*, signed by the relevant Debtor and the Bank) before the discharge order was entered in this case,[1] the Bank has failed to show that there can be an enforceable reaffirmation agreement between itself and the Debtor.

Accordingly,

---

[1] The Motion does not state that both the Debtor and the Bank signed a reaffirmation agreement before the Debtors received a discharge. The Motion states only that: "The reaffirmation agreement was not filed before the matter discharged as USAA believed the account was delinquent when it received the same from Debtors. If the motion to enlarge is granted, the reaffirmation agreement can be filed instanter."

IT IS ORDERED that the Motion (Docket # 29) is denied.

**Signed on December 6, 2019**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

2